IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| **LAKETA WASHINGTON** | **PLAINTIFF** |
| vs. | CIVIL ACTION NO.: 3:17cv612DPJ-FKB |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA and JOHN AND JANE DOES 1-10** | **DEFENDANT** |

## NOTICE OF REMOVAL

COMES NOW Defendant, Unum Life Insurance Company of America ("Unum"), and files its Notice of Removal hereby removing this action from the Circuit Court of Simpson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. In support thereof, Defendant states:

1. This action is being removed to federal court pursuant to the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq.* ("ERISA").

2. A certified copy of the state court file, including all process and pleadings served on Defendant, is attached hereto as Exhibit "A."

3. Plaintiff Laketa Washington initiated this civil action by filing her Complaint against Unum in the Circuit Court of Simpson County, Mississippi, Cause No. 2017-205-1.

## FEDERAL QUESTION JURISDICTION

4. The Plaintiff seeks accidental death and dismemberment benefits under an employee welfare benefit plan (the "Plan") established and maintained by Noble Drilling Corporation and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. The Plan was funded, at least in part, by a group

insurance policy issued by defendant Unum. Plaintiff's decedent was, at one time, an employee of Noble Drilling Corporation and a participant in the Plan.

5.   The Plaintiff filed her Complaint in this lawsuit on June 14, 2017, and Defendant was served with process through its designated agent on June 22, 2017. This case first became removable to this Court at that time. This Notice of Removal is thus timely filed pursuant to 28 U.S.C. § 1446(b) within thirty days of service of process on Defendant.

6.   The Plaintiff's Complaint asserts a claim for breach of contract arising from the denial of her claim for accidental death and dismemberment benefits. Further, Plaintiff alleges claims of bad faith breach of contract, breach of fiduciary duties, conversion, gross negligence, intentional and negligent misrepresentation, and intentional infliction of emotional distress under Mississippi law arising out of the handling and/or denial of her claim for accidental death and dismemberment benefits for which Plaintiff seeks actual and punitive damages, as well as attorneys' fees. Because Plaintiff seeks benefits under an ERISA-regulated plan, her common law claims are completely preempted and governed exclusively by ERISA, 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), *overruled in part by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003); *Hanson v. Continental Ins. Co.*, 940 F.2d 971, 979 (5th Cir. 1991). ERISA's civil enforcement provision, section 502(a) (29 U.S.C. 1132(a)), is the exclusive vehicle for actions by ERISA-plan beneficiaries asserting improper processing of benefit claims. *Pilot Life*, 481 U.S. at 52-57 (Congress intended that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by ERISA § 502(a)).

7.   Although federal preemption is generally a defense to a plaintiff's claim, when state common law causes of action, such as that asserted in Plaintiff's complaint, supplant

ERISA's civil enforcement provision, they are completely preempted and therefore removable regardless of the wording of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (complete pre-emption is an exception to the well pleaded complaint rule). The civil action filed by the Plaintiff in the Circuit Court of Simpson County is therefore one of which the district courts of the United States have original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and § 1446.

8. The United States District Court for the Southern District of Mississippi and the Northern Division of said Court are the district and division embracing the place wherein the aforesaid state court action is pending, and Plaintiff, upon information and belief, resides within the geographical area encompassed by this district and division. This Court is thus a proper venue for this action pursuant to 29 U.S.C. § 1132(e)(2).

9. Defendant will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Circuit Clerk of Simpson County, Mississippi, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Simpson County, Mississippi, be hereby stayed.

This, the 19th day of July, 2017.

Respectfully submitted,

**UNUM LIFE INSURANCE COMPANY OF AMERICA**

By: /s/ Kenna L. Mansfield, Jr.
Kenna L. Mansfield, Jr. (MSB #1855)
*Its Attorney*

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
kmansfield@wellsmar.com

## CERTIFICATE OF SERVICE

I, Kenna L. Mansfield, Jr., do hereby certify that I have this day served, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing Notice of Removal on the following:

Kannan Stubbs, Esq.
Terrell Stubbs, Esq.
THE STUBBS LAW FIRM, PLLC
201 Main Ave., N
P.O. Box 1688
Magee, MS 39111
   *ATTORNEYS FOR PLAINTIFF*

Steve Womack, Clerk
Simpson County Circuit Court
P.O. Box 307
Mendenhall, MS 39114

This, the 19th day of July, 2017.

*/s/ Kenna L. Mansfield, Jr.*
Kenna L. Mansfield, Jr.