## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

**LAKETA WASHINGTON**                          **PLAINTIFF**

**VERSUS**                                     **NO. 2017-205-1**

**UNUM LIFE INSURANCE**                        **DEFENDANTS**

### CLERK'S CERTIFICATE

I, Steve Womack, Clerk of the Circuit Court in and for the County of Simpson, State of Mississippi, do hereby certify that the foregoing 30 pages constitute a true, correct and complete transcript of all pleadings, exhibits, orders, decrees and papers as designated and required by the rules of the Circuit Court in that certain cause styled: **LAKETA WASHINGTON VS UNUM INSURANCE COMPANY** being Cause **NO. 2017-205-1** on the civil docket of said court, as fully as the original of same appears of record in said cause and remains on file in Circuit Clerks office.

Given under my hand and official seal of office in the City of Mendenhall, Simpson County, Mississippi, on this the 14TH day of July 2017.

STEVE WOMACK, CLERK OF THE
CIRCUIT COURT, SIMPSON CO., MS

By_____ D.C.

**EXHIBIT**

A

G017-205-1

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification/Docket # | Case Year | Docket Number |
|---|---|---|

County #  Judicial District  Court ID (CH, CI, CO)

Local Docket ID

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2009)

Month  Date  Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **SIMPSON** County — Judicial District

**Origin of Suit (Place an "X" in one box only)**
[X] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Washington** — **Laketa**
Last Name  First Name  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of
___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

Business
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff
Attorney (Name & Address) **KANNAN STUBBS, P.O. BOX 1688, MAGEE, MS 39111**   MS Bar No. **103492**
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
Last Name  First Name  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV
___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of
___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business **Unum Life Insurance Company of America**
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - if Known   MS Bar No.

Damages Sought:  Compensatory $   Punitive $   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion Minor | Eminent Domain |
| Divorce:Fault | Employment | Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other |
| Separate Maintenance | Birth Certificate Correction | Other | **Torts** |
| Termination of Parental Rights | Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | [X] Breach of Contract | Fraud |
| Other | Guardianship | Installment Contract | Loss of Consortium |
| **Appeals** | Heirship | Insurance | Malpractice - Legal |
| Administrative Agency | Intestate Estate | Specific Performance | Malpractice - Medical |
| County Court | Minor's Settlement | Other | Mass Tort |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | Negligence - General |
| Justice Court | Name Change | Bond Validation | Negligence - Motor Vehicle |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Product Liability |
| Worker's Compensation | Will Contest | Declaratory Judgment | Subrogation |
| Other | Other | Injunction or Restraining Order | Wrongful Death |
|  |  | Other | Other |

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Simpson County

LAKETA WASHINGTON VS UNUM INSURANCE COMPANY OF AMERICA

Case # 2017-205-1          Acct #          Paid By CHECK 2971          Rct#   2627
--------------------------------------------------------------------------------

```
                    CLERK FEE                      85.00
                    JURY TAX                        3.00
                    COURT REPORTER                 10.00
                    LAW LIBRARY                     2.50
                    COURT EDUCATION                 2.00
                    COURT CONSTITUENTS               .50
                    COURT ADMINISTRATOR             2.00
                    COMPREHEN COURT FUND           10.00
                    LEGAL ASSIST FUND               5.00
                    JUDICIAL SYS OP FUND           40.00
                    DEPT OF ARCHIVES                1.00
```

                                        Total   $    161.00
--------------------------------------------------------------------------------

Payment received from Kannan Stubbs
                     201 Main Ave North

                    Magee            MS 39111

Transaction   17948 Received   6/15/2017 at 16:54 Drawer   1 I.D. DT

Current Balance Due          $0.00          Receipt Amount $    161.00

  By _____D.C.  Steve Womack, Circuit Clerk

Case # 2017-205-1          Acct #          Paid By CHECK 2971          Rct#   2627

# THE STUBBS LAW FIRM, PLLC

201 Main Avenue North
P.O. Box 1688
Magee, MS 39111
Phone 844-788-2275
Fax 601-849-3633
www.thestubbslawfirm.com

Terrell Stubbs, Esq.
Kannan Stubbs, Esq.

June 15, 2017

Mr. Steve Womack
Simpson County Circuit Clerk
P.O. Box 307
Mendenhall, MS 3114

*2017-205-1*

RE:   Laketa Washington vs. Unum Life Insurance Company of America and John and
      Jane Does 1-10

Dear Mr. Womack:

In reference to the above, please find enclosed the following:

**F I L E D**
**JUN 14 2017**
**SIMPSON COUNTY**
**CIRCUIT COURT**

1) Civil Cover Sheet;

2) Complaint;

3) 4 copies of the Summons; and

4) Our firm's check# 2971 in the amount of $161.00 for the filing fee.

Please file the original in your usual manner and stamp "Filed" on the copy thereof and
return to me.

Please issue the summons and return 3 copies of the same to me in the enclosed, self-
addressed, metered envelope provided for your convenience.

Should you have any questions, please contact our **Magee** office and speak with Chelsea.

**F I L E D**
**JUN 14 2017**
**SIMPSON COUNTY**
**CIRCUIT COURT**

| Mendenhall | Magee | Prentiss |
|---|---|---|
| 601-847-4811 | 601-849-3993 | 601-837-1008 |

Mr. Steve Womack
June 14, 2017
Page 2 of 2

     With kindest regards, I remain

                                      Sincerely yours,

                                      The Stubbs Law Firm, PLLC

KS/cp
enclosures

                                      Kannan Stubbs
                                      For the Firm

FILED
JUN 14 2017
SIMPSON COUNTY
CIRCUIT COURT

## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

LAKETA WASHINGTON,
   Plaintiff

Vs.

Cause No. *2017-205-1*

UNUM LIFE INSURANCE COMPANY OF
AMERICA and JOHN AND JANE DOES 1 –
10.
   Defendant.

*FILED*
*JUN 14 2017*
*SIMPSON COUNTY*
*CIRCUIT COURT*

### COMPLAINT
### (Jury Trial Demanded)

COMES NOW, Laketa Washington, Plaintiff, and files this her Complaint, against the Defendant, Unum Life Insurance Company of America, and in support thereof would show unto the Court the following to-wit:

### PARTIES

1.    Plaintiff, LAKETA WASHINGTON ("Washington"), is an adult resident citizen of the State of Mississippi and was residing in Simpson County, Mississippi at the time these claims accrued.

2.    Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"), is an insurance company operated in Portland, Maine, and doing business in the State of Mississippi at all times relevant to this action.  On information and belief, Unum Life Insurance Company of America's principal place of business is located at 2211 Congress Street, Portland, ME 04122, and its registered agent for service of process is United States Corporation Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.  Pursuant to Miss. Code Ann. §83-21-29, Unum Life Insurance Company of America may also be served with process by serving Mike Chaney, Commissioner of Insurance for the State of Mississippi.

---

*Washington v. Unum Life Insurance Company of America –*
Complaint

Page 1 of 12

3.     Defendants, JOHN and JANE DOES 1 – 10 are corporations, entities, businesses, individuals and the like which are presently unknown to Plaintiff, but who are liable in this cause, and who are individuals the Plaintiff asserts are unable to be currently identified, despite diligent efforts.  Said Defendants are named pursuant to M.R.C.P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortuous with respect to the damages suffered by Plaintiff.

## JURISDICTION

4.     This Complaint is based on claims made by the Plaintiff against the Defendant arising under the laws of the State of Mississippi and the laws of the United States and the amount in controversy exceeds two hundred dollars ($200.00) exclusive of interest and costs.  This Court has subject matter jurisdiction and personal jurisdiction.  Plaintiff resides in the State of Mississippi and was residing in Simpson County, Mississippi when these claims accrued and the Defendants have been and are doing business in Simpson County, Mississippi.

## VENUE

5.     Venue is properly fixed in this Court since the cause of action, occurred and/or accrued in whole or in part in Simpson County, Mississippi.

## FACTS

6.     In or around November 1995, Kenneth Washington, now deceased, filled out an Enrollment for Accidental Death and Dismemberment Insurance with his employer.

7.     Defendant Unum accepted the application and premiums.  Defendant Unum issued a certain Accidental Death and Dismemberment insurance policy numbered 22050 whereby the Defendant Unum provided coverage on the life of the Kenneth Washington

("the Insured"). Defendant has possession of a true and correct copy of said insurance policy.

8.      At the time said policy was issued, Plaintiff, Laketa Washington, was the named primary beneficiary.

9.      All premiums due under said policy were paid by the Insured to Defendant Unum.

10.     The Insured died on or about January 13, 2014.

11.     The Simpson County Coroner determined the cause of death to be an accident on January 13, 2014.

12.     On or about February 27, 2014, following the death of her husband, Plaintiff, Laketa Washington, made a claim on said policy with Defendant Unum for payment of the accidental death and dismemberment benefits.

13.     Defendant Unum conducted its investigation into the claim, and on or about June 27, 2014, Defendant Unum issued a letter to Plaintiff denying the claim. Denial letter attached as Exhibit "A" and incorporated herein by reference.

14.     Plaintiff pursued administrative remedies set forth by the Defendant and timely perfected her appeal pursuant to the Defendant.

15.     Defendant Unum notified the Plaintiff by letter dated November 25, 2014 that her appeal was denied and that she had exhausted all administrative remedies. Denial letter attached as Exhibit "B" and incorporated herein by reference.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

16.    Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

17.    Defendant has failed, refused, and neglected to comply with the terms and conditions of said insurance policy and refused to pay the proceeds to Plaintiff and thereby breached the insurance contract Defendant had with the beneficiary.

18.    Defendant owes Plaintiff a duty of good faith and fair dealing under the terms of said insurance policy.

19.    Defendant, Unum, has breached its duty of good faith and fair dealing owed to the Plaintiff in the following respects:

     a.    Failure to comply with the terms and provisions of said policy when Defendant knew that the Plaintiff was entitled to said insurance proceeds;

     b.    Willfully and in bad faith withholding or delaying payment or compliance with all policy provisions from the Plaintiff knowing that the Plaintiff's claim under said insurance policy were valid;

     c.    Refusal to honor the claims of the Plaintiff without a legitimate or arguable reason;

     d.    Refusal to honor the claims of the Plaintiff for reasons contrary to the express provisions of the policy;

     e.    Willfully and in bad faith using the unequal wealth and bargaining position of the parties to affect economic gain for Defendant;

f. By refusing to comply with policy terms at a time when the Defendant had insufficient information or other data within its possession to justify such action; and

g. By other acts or omissions of the Defendant.

20. As a direct and proximate result of the aforesaid wrongful conduct of Defendant, Plaintiff has suffered the loss of insurance proceeds, anxiety, worry, mental and emotional distress and other damages.

21. Defendant has willfully and intentionally wronged the Plaintiff or has treated the Plaintiff with gross and reckless negligence as is equivalent to such a wrong entitling Plaintiff to recover punitive damages from Defendant in addition to actual damages in an amount not to exceed $75,000.00 in total to compensate Plaintiff.

## COUNT II:  BAD FAITH BREACH OF CONTRACT AS REQUIRED BY THE CONTRACT AND THE LAWS OF THE STATE OF MISSISSIPPI

22. Plaintiff adopts and re-alleges the allegations of the above paragraphs of this Complaint.

23. By the terms of the policy, Defendant, its agents, employees and/or representatives assumed the duty to insure the Insured for the matters contained within the policy.  The Defendant specifically contracted to insure Kenneth Washington, the Insured, against any loss associated with, among other things, accidental death.

24. Plaintiff properly gave notice to the Defendant of the claim and Plaintiff has otherwise fully performed and complied with all the terms and conditions of the Defendant's policy.

25.     Defendant willfully, wantonly and recklessly refused to assume the duties that it had agreed to perform in violation of its agreement with the Insured as alleged above, and denied the claim as a pretext for not performing its duties under the policy.  Contrary to its contractually binding terms with the Plaintiff and the Insured, Defendant willfully, wantonly and recklessly failed to provide Plaintiff with the insurance proceeds for said claim as required by the contractual agreement.

26.     Defendant intentionally, willfully and wantonly in bad faith and, in direct contradiction to its contractual obligations, refused and continues to refuse the duties it contractually agreed to and accepted payment for in connection with insuring the Insured and Plaintiff.

27.     Due to Defendant's intentional, willful, and wanton bad faith, Plaintiff is entitled to recover compensatory damages, and punitive damages, plus pre-judgment and post-judgment interest, all attorney's fees, costs of court and other expenses incurred by Plaintiff in connection with this action in an amount not to exceed $75,000.00 in total to compensate Plaintiff.

## COUNT III: BREACH OF FIDUCIARY DUTIES

28.     Plaintiff adopts and re-alleges the allegations of the above paragraphs of this Complaint.

29.     By issuing the insurance policy to Kenneth Washington and accepting premiums from Kenneth Washington, Defendant, Unum, agreed and promised to fully comply with the terms of the policy.  Plaintiff timely submitted her claims to Defendant Unum, which gave rise to the Defendant's duty to comply as herein alleged.  After said duty to comply arose, a fiduciary relationship was created between the Defendant and the

---

Plaintiff. By failing to pay Plaintiff's claims, Defendant Unum breached its fiduciary duty to the Plaintiff by the acts or omissions set forth herein, resulting in damage to the Plaintiff as set forth herein.

30.     As a further proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has suffered loss of insurance proceeds, anxiety, worry, mental and emotional distress and other damages.

31.     Defendant has willfully and intentionally wronged Plaintiff and has treated Plaintiff with such gross and reckless negligence as is equivalent to such a wrong to entitle Plaintiff to punitive damages.

## COUNT IV: CONVERSION

32.     Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

33.     Defendant, its agents, employees, and/or representatives owed the Plaintiff the insurance proceeds.

34.     When the Defendant denied the claim that was due and owing to the Plaintiff, Defendant intentionally, willfully and wantonly converted the Plaintiff's insurance proceeds for its own use and benefit and intentionally, willfully and wantonly misappropriated her property for its own use against the property rights of the Plaintiff.

35.     As a result of the acts of conversion, the Plaintiff has suffered the loss of insurance proceeds, anxiety, worry, mental and emotional distress and other damages.

36.     Defendant has willfully and intentionally wronged the Plaintiff or has treated the Plaintiff with gross and reckless negligence as is equivalent to such a wrong

---

*Washington v. Unum Life Insurance Company of America –*
Complaint

entitling Plaintiff to recover punitive damages from Defendant in addition to actual damages in an amount not to exceed $75,000.00 in total to compensate Plaintiff.

## COUNT V:   GROSS NEGLIGENCE

37.     Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

38.     Defendant, its agents, employees and/or representatives were grossly negligent in regard to the Plaintiff's claim in one or more of the following manners, to wit:

     a.    in failing to timely process, adjust, investigate, and/or advise the Plaintiff of the ultimate denial as to the claim for the accidental death insurance proceeds due to her under the insurance policy.

     b.    failing to properly train its agents, employees, and/or representatives as to the proper adjusting methods to be utilized in a claim such as the Plaintiff's;

     c.    failing to properly interpret the coverage provided to the Plaintiff pursuant to the insurance contract;

     d.    failing to address the entire claim of the Plaintiff in failing to tender payment to the Plaintiff and then delaying in notifying the Plaintiff of the decision to deny the claim; and

     e.    other actions and/or omissions constituting gross negligence will be addressed at a time when they become known to the Plaintiff.

39.     As a further proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has suffered loss of insurance proceeds, anxiety, worry, mental and emotional distress and other damages.

40.     Defendant has willfully and intentionally wronged Plaintiff and has treated Plaintiff with such gross and reckless negligence as is equivalent to such a wrong to entitle Plaintiff to punitive damages in an amount not to exceed $75,000.00 in total to compensate Plaintiff.

## COUNT VI:  INTENTIONAL MISREPRESENTATION

41.     Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

42.     The above and foregoing actions of the Defendant, its agents, employees, servants and/or representatives gives rise to a cause of action for intentional misrepresentation made by the Defendant, its agents, employees, servants and/or representatives to Plaintiff concerning the payment of this claim.

43.     The Defendant, its agents, employees, servants and/or representatives made misrepresentations regarding the insurance claim with a reckless disregard as to the truth and falsity of these statements.

44.     The Defendant, its agents, employees and/or representatives intended these misrepresentations to induce Plaintiff to act upon these misrepresentations, and the Plaintiff actually and justifiably relied upon these misrepresentations to her detriment.

45.     Plaintiff is entitled to compensation of and from the Defendant for the intentional misrepresentations to Plaintiff, together with punitive damages due and owing by the Defendant as a result of the intentional misrepresentation which was performed intentionally, willfully, wantonly, or at a minimum, through gross negligence such as to shock the conscious of the court and justify the imposition of punitive damages, in

addition to actual damages in an amount not to exceed $75,000.00 in total to compensate Plaintiff.

## COUNT VII: NEGLIGENT MISREPRESENTATION

46.     Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

47.     Defendant, its agents, servants, employees and/or representatives in their business and professional capacity made negligent misrepresentations to Plaintiff.

48.     Defendant, its agents, servants, employees and/or representatives reasonably knew or should have known that the misrepresentations would be relied upon by the Plaintiff.

49.     Plaintiff actually and justifiably relied upon the negligent misrepresentations of the Defendant and its agents to her detriment.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

51.     The acts of Defendant, in refusing to pay said claims, and holding payment for no legitimate or arguable reason were willful, intentional and wrongful.

52.     Said acts were committed with such grossness and recklessness as to show a complete and utter indifference by Defendant as to the consequences of its actions.

53.     As a direct and proximate result of said acts by Defendant, Plaintiff was made to suffer severe mental, physical and emotional distress and anguish.

## DAMAGES

54.   Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

55.   As a direct and proximate cause of the acts or omissions of Defendant, Plaintiff is entitled to actual damages.

56.   Further, as a direct and proximate cause of Defendant's conduct, Plaintiff is entitled to punitive damages.

## COUNT IX: DECLARATORY JUDGMENT

57.   Plaintiff adopts and re-alleges the allegations in the above paragraphs of this Complaint.

58.   Pursuant to Rule 57 of the Mississippi Rules of Civil Procedure, Plaintiff seeks a declaratory judgment against the Defendant to determine all rights and obligations duly owed to her under the terms and conditions of Defendant's accidental death policy which is in the Defendant's possession.

59.   Plaintiff seeks a declaration that she is entitled to all benefits and compensation afforded under the subject policy.  Plaintiff seeks a declaration that she is entitled to the insurance proceeds.

60.   Plaintiff seeks a declaration as to all other rights which may be duly owed her under the terms and conditions of the subject policy.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment of and from the Defendant, Unum Life Insurance Company of America, for actual damages and punitive damages in an amount not to exceed $75,000.00 in total to compensate Plaintiff for all aspects of Defendant's conduct, together with pre-judgment and post-judgment

---

interest, and all costs but in total not exceeding $75,000.00.   Plaintiff additionally prays

that this Court determine the rights, obligations and duties of the parties under the policies

of insurance issued by Defendant, Unum Life Insurance Company of America, and that

this Court enter its Judgment declaring that Plaintiff is entitled to accidental death benefits

under said policy.  Plaintiff prays for such other and further relief, of an equitable or legal

nature, to which he may be entitled.

RESPECTFULLY SUBMITTED, this the ___14th___ day of __June__, 2017.

LAKETA WASHINGTON, Plaintiff

By: The Stubbs Law Firm, PLLC

By: _____
KANNAN STUBBS,
Counsel for Plaintiff

KANNAN STUBBS, MSB# 103492
TERRELL STUBBS, MSB# 8017
THE STUBBS LAW FIRM, PLLC
201 Main Ave. N
P.O. Box 1688
Magee, MS 39111
P. 601-849-3993
F. 601-849-3633
kannan@stubbsms.com

Unum
Group Life/Special Risk Benefits
PO Box 100158
Columbia, SC 29202-3158
Phone: 1-800-445-0402
Fax: 1-800-447-2498
www.unum.com



June 27, 2014

LAKETA L WASHINGTON
2465 SIMPSON HWY 540
MAGEE, MS 39111

RE:   Washington, Kenneth G          DOB: August 20, 1976
      Claim Number:           9618142
      Policy Number:          22050
      Unum Life Insurance Company of America

Dear Mrs. Washington:

Once again, please accept our sincere condolences on the loss of your husband, Kenneth G. Washington.  During this difficult time, we are committed to providing you with responsive, compassionate service.

We are writing about his Group Accidental Death & Dismemberment Insurance claim.  This letter is to inform you we are unable to approve the benefits.

This letter includes the following:

- Our claim decision and the reason(s) for the decision

- A list of the information we reviewed during our evaluation of the claim

- The provisions of Noble Drilling Corporation's Accidental Death & Dismemberment policy that are applicable to our decision

- Next steps available to you if you disagree with our decision

The following pages will help you understand how we reached this decision.

1242-03    UNUM IS A REGISTERED TRADEMARK AND MARKETING BRAND OF UNUM GROUP AND ITS INSURING SUBSIDIARIES.

*Claimant Name: Kenneth G Washington*     Claim #:   9618142





Claimant Name: **Washington, Kenneth G**
Claim Number: 9818142

June 27, 2014
Page 2 of 6

**The Claim Decision / Reasons for the Decision**

Accidental Death & Dismemberment benefits are not payable for this claim, because the policy states that benefits are not payable when the death is not bodily harm caused solely by external, violent and accidental means and is contributed to by another cause. It has been determined that Kenneth G. Washington's death was caused by suicide; this is not considered to be accidental and is contributed to by another cause: a self-inflicted injury.

In addition, there is an exclusion in the policy that applies to this claim. The exclusion states that benefits are not payable when the loss was caused by, contributed to by or resulted from suicide. Since the police investigation ruled the death a suicide, this policy exclusion also applies to our decision.

**Information We Reviewed**

We reviewed the following information in our evaluation of the claim:
- Simpson County Sheriff's Office Incident/Offense Report
- Simpson County Coroner's Report of Death Investigation
- Death certificate

The police report states that they received a call from Rev. Cater advising "his son-in-law has shot himself". The Sheriff's incident report lists the "Reporting Incident/Offense" as "possible suicide". After they completed their investigation, the "Actual Incident/Offense" was listed as "Suicide".

According to our medical review, the police report indicates that Mr. Washington was found deceased in the bathroom with a gunshot wound to the head, under the chin, inflicted by a 30-30 Winchester. The police investigation concluded that his death was a suicide.

Our medical consultant further states:
- "The Medical Examiner issued a conflicting report determining the death to be accident, with no explanation of his rationale.
- There is no documentation of the extent of the wound, the presence of stippling, no photographs either of Mr. Washington or the scene and no autopsy was performed.
- There is no explanation as to why Mr. Washington would have a gun with him in the bathroom."

Our medical consultant concludes by stating the following:

"In the absence of more detailed information, the following can be ascertained:

  o  The cause of death was a single gunshot wound to the head, under the chin.

  o  The police, who were there to examine the scene, concluded that the death was not the result of homicide but rather suicide. This would imply that the scene did not provide any information that would suggest either homicide or provide an explanation for an accidental firing.

---

*Claimant Name: Kenneth G Washington*      *Claim #:   9618142*

Claimant Name: Washington, Kenneth G
Claim Number: 9618142

June 27, 2014
Page 3 of 5

> o The medical examiner documented no information that rebuts the presumption of suicide and there is no indication what, if any, information in addition to the written police report, he considered. It is customary in a situation such as this, when establishing an opinion contrary to another on the subject of manner of death, to document the reasons why in the report. This was not done. He has, in addition, not returned calls that have been placed to seek additional clarification from him.

A single gunshot wound to the chin such as this is presumptively suicide. In this case, I have no information that indicates there was another person at the scene, that there is any plausible, alternative explanation for the injury apart from suicidal self-infliction, and no evidence that it would have been impossible for the decedent to inflict the wound himself. As a result, it is my opinion, based on the information presently available and to a reasonable degree of medical certainty that the manner of death was suicide."

Based on the above information, the accidental death and dismemberment benefit is not payable as the suicide exclusion is applicable.

**Policy Provisions Applicable to Our Decision**

The provisions in Noble Drilling Corporation's contract that apply to our decision state:

"**ACCIDENTAL BODILY INJURY** means bodily harm caused solely by external, violent and accidental means and not contributed to by any other cause.

**WHAT ACCIDENTAL LOSSES ARE NOT COVERED UNDER YOUR PLAN?**

Your plan does not cover any accidental losses caused by, contributed to by, or resulting from:

- Suicide, self destruction while sane, intentionally self-inflicted injury while sane, or self-inflicted injury while sane, or self-inflicted injury while insane."

Your claim decision was based on the provisions listed above, and we reserve our right to enforce other provisions of the policy.

**Next Steps Available to You**

If you disagree with our decision, you have the right to request an appeal.

**What is an Appeal?**

An appeal is your written disagreement with our claim decision and a request for a review of that decision.

**How do you request an Appeal?**

You will need to submit a written letter of appeal outlining the basis for your disagreement. To ensure handling of your appeal without delay, please include any additional information you

*Claimant Name: Kenneth G Washington       Claim #:  9618142*

Claimant Name: **Washington, Kenneth G**
Claim Number: 9618142

June 27, 2014
Page 4 of 5

would like considered.  This information may include written comments, documents, or other information in support of your appeal.

**What information is available to you?**

Upon your written request, we will provide you with all documents, records and other information relevant to your claim for benefits.

**How much time do you have to request an Appeal?**

You have 90 days from the date of this letter.

If we do not receive your written appeal within 90 days from the date of this letter, our claim determination will be final.

**Where do you mail or fax your written request for an Appeal?**

The Benefits Center
Appeals Unit
PO Box 9548
Portland, ME 04104-5058
Fax Number: 1-207-575-2354

Our Appeals Unit will send you a letter acknowledging receipt of your appeal including your Appeals Specialist's contact information.

**How does the Appeal process work?**

An Appeals Specialist will review your entire claim, including any new information you submitted and may consult medical and vocational experts or other resources.  The Appeal Specialist will make an independent decision on your claim.

**How much time does the Appeal review take?**

We are committed to making an appeal decision within 60 days after we receive your written appeal.  There may be special circumstances in which the review can take longer.  We will notify you if more time is needed.

**What if you continue to disagree with the determination after the appeal is decided?**

You will have the right to have a court review the appeal determination by bringing a civil action under section 502(a) of the Employee Retirement Income Security Act (ERISA).

**How to Contact Us**

Mrs. Washington, if you have questions about the claim or this process, please call our Contact Center at 1-800-445-0402, 8 a.m. to 8 p.m. Eastern Time, Monday through Friday.  Any of our representatives have access to the claim documentation and will be able to assist you.  If you prefer to speak with me personally, I can be reached at the same toll-free number at extension

Claimant Name:  Kenneth G Washington      Claim #:   9618142

Claimant Name: **Washington, Kenneth G**
Claim Number: 9618142

June 27, 2014
Page 5 of 5

58758.  We will identify the claim by Kenneth G. Washington's Social Security number or claim number, so please have one of these numbers available when you call.

Sincerely,

*Tracey Mowatt*

Tracey Mowatt
Senior Life Benefits Specialist, AD&D

Unum
Appeals Unit
PO Box 0548
Portland, ME 04104-5058
Phone: 1-800-858-6843
Fax: 207-575-2354
www.unum.com



November 25, 2014

KATRINA S. BROWN
·CURRIE JOHNSON GRIFFIN & MYERS, P.A.
1044 RIVER OAKS DRIVE
JACKSON, MS 39232

RE:    Washington, Kenneth G          DOB: August 20, 1976
       Claim Number:                  9618142
       Policy Number:                 22050
       Unum Life Insurance Company of America

Dear Attorney Brown:

Unum Life Insurance Company of America has completed the appeal review of your client,
Laketa Washington's, claim for Accidental Death and Dismemberment (AD&D) benefits.

Mrs. Washington's claim was filed on behalf of her husband, Kenneth Washington.

Please read the following pages carefully, as they will help you understand how we reached our
decision.

This letter includes the following:

- Initial Claim Decision

- The Appeal Decision

- Information that supports the Appeal Decision

- Our Response to your Concern(s)

- Policy Provisions that apply to the Appeal Decision

- Next steps available to you

If you would like me to review with you the information we have and how this decision was
made, please call me at 1-800-858-6843, extension 51202.

Initial Claim Decision:

1242-03    UNUM IS A REGISTERED TRADEMARK AND MARKETING BRAND OF UNUM GROUP AND ITS INSURING SUBSIDIARIES.



*Claimant Name: Kenneth G Washington*    Claim #:   9618142



Claimant Name: Washington, Kenneth G                                      November 25, 2014
Claim Number: 9618142                                                     Page 2 of 4

The Benefit Center's June 27, 2014 letter explained that AD&D benefits were not payable under
the terms of the policy. Mr. Washington's death resulted from suicide and self-inflicted injury,
which is not a covered loss under the policy.

**Appeal Decision:**

We determined that Mr. Kenneth Washington's death resulted from suicide and self-inflicted
injuries. The injuries resulting in his death are not due to "accidental bodily injury" as that term
is defined by the policy.

Additionally, any loss (death) that is caused by, contributed to by, and/or results from suicide
and self-inflicted injury is not covered under the policy.

**Information that Supports our Decision:**

Mr. Washington died on January 13, 2014 due to a gunshot wound to the head. The state
medical examiner's report noted Mr. Washington was sitting in the bathroom and the gun
discharged and shot him in the face. The coroner ruled the manner of death as an accident.

According to the Simpson County Sheriff's report, Mr. Washington's father-in-law, Reverend
Carter, contacted their office on January 13, 2014. Reverend Carter stated his son-in-law
(Kenneth Washington) shot himself. The sheriff at the scene ruled Mr. Washington's death a
suicide.

During the appeal review, our Unum Life representative gathered additional information given
the conflicting opinions between the sheriff and the coroner. Mr. Marcus Veazey is a lead
investigative consultant for Unum Life. He has 25 years experience working as an FBI (Federal
Bureau of Investigation) agent.

Mr. Veazey interviewed your client as well as the sheriff Brian Buckley, patrol deputy E. J.
McCabe, patrol sergeant Marvin Miller, and the coroner Terry Tutor.

According to Mr. Veazey's report, Mr. Tutor stated he entered the Washington's residence after
the sheriff's arrival. He did not observe a suicide note or other obvious indications of suicide.
He stated he could not rule out the possibility that Mr. Washington was looking at his weapon
and it accidentally discharged striking him in the head.

Mr. Tutor also stated he spoke with family and friends and none of them provided statements or
other information concerning suicide. Family members described Mr. Washington as happy and
upbeat about working on and driving his racecars. Mr. Tutor stated that in his capacity as
coroner and given his training, he could only rule his death as an accident.

Sheriff Buckley stated he previously worked numerous suicides and based on evidence he
observed and his experience, he classified Mr. Washington's death to be from a self-inflicted
gunshot wound.

Sheriff Buckley, Sergeant Miller, and Deputy McCabe noted the following findings in support of
their conclusion that Ms. Washington's death resulted from suicide and self-inflicted injuries:

- Mr. Washington was seated on the toilet grasping the stock portion of the rifle. The rifle was
  located between his legs and he was slumped over to one side.

*Claimant Name: Kenneth G Washington     Claim #:  9618142*

Claimant Name: Washington, Kenneth G                    November 25, 2014
Claim Number: 9618142                                              Page 3 of 4

- Mr. Washington had gunshot residue on his hands.

- There were no gun cleaning materials or other tools inside the bathroom.

- There was no evidence that anyone else was in the bathroom at the time of Mr. Washington's death.

- The bathroom was so small that the officers had to take off the door to remove Mr. Washington.

- Mr. Washington was noted to have a garage full of tools.

It is reasonable to believe that he would have used the garage as a place to handle, clean, and/or work on his gun as opposed to a very small bathroom.

AD&D benefits will be paid only if an unforeseen "accidental bodily injury" results in one or more of the covered losses listed in the policy.

The Life Insurance policy states:

> "ACCIDENTAL BODILY INJURY means bodily harm caused solely by external, violent and accidental means and not contributed to by any other cause."

The term "accidental means" implies that injury is not foreseeable. When injury is intentionally caused by one's own actions, then the bodily harm is foreseeable and is not considered to be by accidental means.

The location of the wound under the chin and the manner in which Mr. Washington was gripping his rifle when found is consistent with a suicide and intentional gunshot wound to the head. The fact that there were no tools or cleaning material in the bathroom further supports that he took the rifle into the bathroom to inflict injury.

We determined based on all of the information when considered together that Mr. Washington's death resulted from suicide and self-inflicted injury. Therefore, the injuries that caused his death did not result from "accidental bodily injury", as that term is defined above.

The policy also states:

> "Your plan does not cover any accidental losses caused by, contributed to by, or resulting from...suicide, self destruction while sane, intentionally self-inflicted injury while sane, or self-inflicted injury while sane, or self-inflicted injury while insane.

The available information clearly supports that Mr. Washington's death resulted from suicide and a self-inflicted injury, whether sane or insane. There is no evidence that the gun went off accidentally or was fired by a third party.

Based on the available information, Mr. Washington intentionally took a loaded rifle into a tiny bathroom. He sat on the toilet and placed the muzzle of the rifle under his chin with the gun safety off. He held the rifle in his left hand. His right hand worked the lever to cock the hammer (or he had previously cocked the gun), and he pulled the trigger.

Claimant Name: Washington, Kenneth G
Claim Number: 9618142

November 25, 2014
Page 4 of 4

There is no information that supports an accidental injury given the facts outlined above.

We determined that AD&D benefits are not payable under the policy.  For all of the reasons stated, Mr. Washington's death is not considered to be an accidental bodily injury.  Additionally, his loss due to suicide and self-inflicted injury is excluded from coverage under the terms of the AD&D section of the policy.

**Our Response to Your Concerns:**

In your appeal letter, you state the coroner ruled the cause of death as an accident.

This letter explains in detail the basis for our determination and why AD&D benefits are not payable.

**Policy Provisions that Apply to the Appeal Decision:**

"**ACCIDENTAL BODILY INJURY** means bodily harm caused solely by external, violent and accidental means and not contributed to by any other cause."

AND...in relevant part

"**WHAT ACCIDENTAL LOSSES ARE NOT COVERED UNDER YOUR PLAN?**

Your plan does not cover any accidental losses caused by, contributed to by, or resulting from:

-   suicide, self destruction while sane, intentionally self-inflicted injury while sane, or self-inflicted injury while sane, or self-inflicted injury while insane."

**Next Steps Available to your client:**

You are entitled to receive, upon request and without charge, reasonable access to or copies of all documents, records or other information that are relevant to your benefit determination.

You should also know that if your client disputes this determination, you have a right to bring a civil suit under section 502 (a) of the Employee Retirement Income Security Act of 1974.

If you have any questions, please contact me at 1-800-858-6843, extension 51202.

Sincerely,

*Veronica M Hargrave*

Veronica M Hargrave
Lead Appeals Specialist

Claimant Name: Kenneth G Washington      Claim #:  9618142

## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

LAKETA WASHINGTON,
  Plaintiff

Vs.

Cause No. 2017-205-1

UNUM LIFE INSURANCE COMPANY OF
AMERICA and JOHN AND JANE DOES 1 –
10.
  Defendant.

**STATE OF MISSISSIPPI**
**COUNTY OF SIMPSON**

TO:   UNUM LIFE INSURANCE COMPANY OF AMERICA
      c/o United States Corporation Company
      5760 I-55 North, Suite 150
      Jackson, MS 39211

### NOTICE TO DEFENDANT

THE COMPLAINT, INTERROGATORIES, AND REQUEST FOR PRODUCTION
WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the
Complaint to Kannan Stubbs, Attorney at Law, The Stubbs Law Firm, PLLC, whose
mailing address and street address is 201 Main Avenue North, Magee, MS 39111. Your
response must be mailed or delivered within (30) days from the date of delivery of this
Summons and Complaint or a Judgment by default will be entered against you for the things
demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

You must answer the Interrogatories, and Request for Production within (45) days
from the date of delivery of the Summons, Complaint, Interrogatories, and Request for
Production to you and you must also mail or deliver your answers to these to Kannan Stubbs,
Attorney at Law, at his above stated address.

Issued under the hand and Seal of this Court, on this 14th day of June,
2017.

                                        BY: _____ D.C.
                                            STEVE WOMACK, CIRCUIT CLERK

## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI.

LAKETA WASHINGTON,
  Plaintiff

Vs.

Cause No. 2017-265-1

UNUM LIFE INSURANCE COMPANY OF
AMERICA and JOHN AND JANE DOES 1 –
10.
  Defendant.

**STATE OF MISSISSIPPI**
**COUNTY OF SIMPSON**

**TO:**   **UNUM LIFE INSURANCE COMPANY OF AMERICA**
    **c/o United States Corporation Company**
    **5760 I-55 North, Suite 150**
    **Jackson, MS 39211**

### NOTICE TO DEFENDANT

THE COMPLAINT, INTERROGATORIES, AND REQUEST FOR PRODUCTION WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Kannan Stubbs, Attorney at Law, The Stubbs Law Firm, PLLC, whose mailing address and street address is 201 Main Avenue North, Magee, MS 39111. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

You must answer the Interrogatories, and Request for Production within (45) days from the date of delivery of the Summons, Complaint, Interrogatories, and Request for Production to you and you must also mail or deliver your answers to these to Kannan Stubbs, Attorney at Law, at his aforestated address.

Issued under my hand and seal of this Court, on this 14th day of June, 2017.

BY: Steve Womack D.C.
STEVE WOMACK, CIRCUIT CLERK



# THE STUBBS LAW FIRM, PLLC

201 Main Avenue North
P.O. Box 1688
Magee, MS 39111
Phone 844-788-2275
Fax 601-849-3633
www.thestubbslawfirm.com

Terrell Stubbs, Esq.
Kannan Stubbs, Esq.

June 29, 2017

2017-205-1

Mr. Steve Womack
Simpson County Circuit Clerk
P.O. Box 307
Mendenhall, MS 3114

    RE:   Laketa Washington vs. Unum Life Insurance Company of America and John and
          Jane Does 1-10

Dear Mr. Womack:

    In reference to the above, please find enclosed the original and one copy of the Proof of
Service – Summons.

    Please file the original in your usual manner and stamp "Filed" on the copy thereof and
return to me in the enclosed, self-addressed, metered envelope provided for your convenience.

    Should you have any questions, please contact our Magee office and speak with Amanda
Saranthus.

    With kindest regards, I remain

                    Sincerely yours,

                    The Stubbs Law Firm, PLLC

                    Kannan Stubbs
                    For the Firm

KS/as
enclosures

F I L E D
JUN 05 2017
SIMPSON COURT

| Mendenhall | Magee | Prentiss |
|---|---|---|
| 601-847-4811 | 601-849-3993 | 601-837-1008 |

## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

LAKETA WASHINGTON,
    Plaintiff

Vs.

Cause No. 2017-205-1

UNUM LIFE INSURANCE COMPANY OF
AMERICA and JOHN AND JANE DOES 1 –
10.
    Defendant.

### PROOF OF SERVICE- SUMMONS
(Process Server)

NAME OF PERSON SERVED:    United States Corporation Company, Registered Agent for Unum Life
Insurance Company of America

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

    PERSONAL SERVICE: I personally delivered a copy of the aforesaid Summons and Complaint to _Angela Dees_ of Jackson, Mississippi, on the _21_ day of _June_, 2017, where I found said person in _Hinds_ County, Mississippi.

    At the time of service I was at least 18 years of age and not a part to this action.

Fee for service: $_____
(Process server must list below:) (Type or print)

NAME: _David Langley_
ADDRESS: _P.O. Box 5004   Brandon, MS   3904 F_
TELEPHONE NO.: _601 624-2729_

                        Process Server (Signature)

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _David Langley_ who being first by me duly sworn state on oath that the matters and facts set forth in the foregoing PROOF OF SERVICE- SUMMONS- COMPLAINT, are true and correct as therein stated.

    SWORN TO AND SUBSCRIBED before me, this the _21st_ day of _June_, 2017.

                      _Laura N Tillman_
                      NOTARY PUBLIC

My Commission Expires:
_8/12/2018_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 109824
LAURA N. TILLMAN
Commission Expires
Aug. 12, 2018
LAMAR COUNTY

FILED
JUL 0 5 2017
SIMPSON COUNTY
CIRCUIT COURT

## IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

LAKETA WASHINGTON,
   Plaintiff

Vs.

Cause No. 2017-205-1

UNUM LIFE INSURANCE COMPANY OF
AMERICA and JOHN AND JANE DOES 1 –
10.
   Defendant.

**STATE OF MISSISSIPPI**
**COUNTY OF SIMPSON**

**TO:**   **UNUM LIFE INSURANCE COMPANY OF AMERICA**
      **c/o United States Corporation Company**
      **5760 I-55 North, Suite 150**
      **Jackson, MS 39211**

### NOTICE TO DEFENDANT

THE COMPLAINT, INTERROGATORIES, AND REQUEST FOR PRODUCTION WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Kannan Stubbs, Attorney at Law, The Stubbs Law Firm, PLLC, whose mailing address and street address is 201 Main Avenue North, Magee, MS 39111. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

You must answer the Interrogatories, and Request for Production within (45) days from the date of delivery of the Summons, Complaint, Interrogatories, and Request for Production to you and you must also mail or deliver your answers to these to Kannan Stubbs, Attorney at Law, at his above stated address.

Issued under my hand and seal of this Court, on this 14th day of June, 2017.

BY: Steve Womack, D.C.
STEVE WOMACK, CIRCUIT CLERK