**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

LAKETA WASHINGTON,
  Plaintiff


Vs.                                                                          Cause No.  3:17-cv-612


UNUM LIFE INSURANCE COMPANY OF
AMERICA
  Defendant.

**AMENDED COMPLAINT**

     COMES NOW**,** Laketa Washington, Plaintiff, and files this her Amended Complaint,

against the Defendant, Unum Life Insurance Company of America, and in support thereof would

show unto the Court the following to-wit:

**PARTIES**

     1.     Plaintiff, LAKETA WASHINGTON ("Washington"), is an adult resident citizen

of the State of Mississippi and was residing in Simpson County, Mississippi at the time these claims

accrued.

     2.     Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"),

is an insurance company operated in Portland, Maine, and doing business in the State of Mississippi

at all times relevant to this action.  Defendant may be served with this Amended Complaint by

service upon its attorney of record.

**JURISDICTION**

     3.     Plaintiff invokes jurisdiction of this Honorable Court pursuant to the

Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), codified at 29

U.S.C. § 1001, *et seq.*  Venue is proper in this Honorable Court under ERISA § 502(e)(2), codified at 29 U.S.C. § 1132(e)(2) as the breach took place in this District.

**VENUE**

4.      Venue is properly fixed in this Court since the cause of action occurred and/or accrued in whole or in part in this District.

**FACTS**

5.      In or around November 1995, Kenneth Washington, now deceased, filled out an Enrollment for Accidental Death and Dismemberment Insurance with his employer.

6.      Defendant Unum accepted the application and premiums.  Defendant Unum issued a certain Accidental Death and Dismemberment insurance policy numbered 22050 whereby the Defendant Unum provided coverage on the life of the Kenneth Washington ("the Insured").  Defendant has possession of a true and correct copy of said insurance policy.

7.      At the time said policy was issued, Plaintiff, Laketa Washington, was the named primary beneficiary.

8.      All premiums due under said policy were paid by the Insured to Defendant Unum.

9.      The Insured died on or about January 13, 2014.

10.      The Simpson County Coroner determined the cause of death to be an accident on January 13, 2014.

11.      On or about February 27, 2014, following the death of her husband, Plaintiff, Laketa Washington, made a claim on said policy with Defendant Unum for payment of the accidental death and dismemberment benefits.

12.     Defendant Unum conducted its investigation into the claim, and on or about June 27, 2014, Defendant Unum issued a letter to Plaintiff denying the claim.   Denial letter attached as Exhibit "A" and incorporated herein by reference.

13.     Plaintiff pursued administrative remedies set forth by the Defendant and timely perfected her appeal pursuant to the Defendant.

14.     Defendant Unum notified the Plaintiff by letter dated November 25, 2014 that her appeal was denied and that she had exhausted all administrative remedies.   Denial letter attached as Exhibit "B" and incorporated herein by reference.

15.     Plaintiff has exhausted the administrative levels of appeal and files this Amended Complaint pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), codified at 29 U.S.C. § 1001, *et seq*.

16.     The denial of the Accidental Death and Dismemberment insurance benefits by the Defendant was an arbitrary and capricious breach of the obligations set forth in the policies and contrary to law.  The Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide the Plaintiff benefits as said benefits were payable under policies of insurance issued to the insured, Kenneth Washington, and payable upon his death to Plaintiff.

17.     Due to the arbitrary and capricious refusal of the Defendant to pay the benefits due and owing to the Plaintiff which she is entitled to pursuant to the contract of insurance and state and federal laws, the Plaintiff has suffered and will continue to suffer from irreparable harm, actual and consequential damages as a proximate cause of the Defendant's failure to pay a legitimate claim without a proper investigation of the facts and/or failure to have an arguable reason to deny payment of legitimate and owing benefits.

As a result of such, Plaintiff should be entitled to all contractual damages, and other consequential and economic damages, along with all costs and pre-judgment, as well as post-judgment interest.

18.     As a result of the arbitrary and capricious actions of the Defendant, Plaintiff has retained counsel and has necessarily incurred attorney fees and costs in pursing this action.  Further, Plaintiff anticipates incurring additional attorneys' fees and costs hereafter in pursuing this action.  Pursuant to 29 U.S.C. § 1132(g)(1), the Plaintiff therefore requests an award of reasonable attorneys' fees and costs.  Title 29 U.S.C. § 1132(g)(1) authorizes this Honorable Court to award reasonable attorneys' fees and costs of action to either a party in an ERISA action.

19.     Plaintiff brings this cause of action against the Defendant and demands judgment of and from Defendant as herein mentioned as a result of the Defendant's unlawful, arbitrary and capricious denial of benefits due to the Plaintiff in an amount to be determined from the proof, with all costs and pre-judgment and post-judgment interest.

WHEREFORE PREMISES CONSIDRED, Plaintiff prays for judgment against the Defendant for all contractual, consequential damages for the Defendant's arbitrary and capricious denial of insurance benefits due, for an award of pre-judgment and post-judgment interest along with reasonable attorney fees and costs incurred.  Plaintiff asks for such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LAKETAWASHINGTON, Plaintiff

By: The Stubbs Law Firm, PLLC

By:  s/Kannan Stubbs
    KANNAN STUBBS,
    Counsel for Plaintiff

KANNAN STUBBS, MSB# 103492
TERRELL STUBBS, MSB# 8017
THE STUBBS LAW FIRM, PLLC
201 Main Ave. N
P.O. Box 1688
Magee, MS 39111
P. 601-849-3993
F. 601-849-3633
kannan@stubbsms.com

## Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Kenna L. Mansfield, Jr., Esq.
*Counsel for Defendant*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None

So certified on this the 25th day of October , 2017.

s/ Kannan Stubbs
Kannan Stubbs, MSB No. 103492